# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| DLJ MORTGAGE CAPITAL, INC., | ) | Case No.: 2:11-cv-00890-GMN-RJJ |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| LYNE Y. RODIS, and DOE | ) | |
| OCCUPANTS, I through X, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION AND FACTS

Before the Court is Plaintiff DLJ Mortgage Capital, Inc.'s Motion to Remand (ECF No. 2). Defendant Lyne Y. Rodis did not file a response.[1]

Plaintiff filed a Complaint for Unlawful Detainer on April 21, 2011, in the Justice Court, Las Vegas Township, Clark County, in order to obtain possession of real property commonly known as 9661 Gondolier Street, Las Vegas. (*See* Ex. A, ECF No. 2-1). Defendant removed the eviction action on June 2, 2011. (ECF No. 1).

Defendant removed the action claiming that this Court has jurisdiction based upon federal question and or diversity jurisdiction. For the reasons stated below, the Court REMANDS this case to state court.

## DISCUSSION

**A.    Jurisdiction**

Removal is proper if the case could have been originally filed in federal court. 28 U.S.C. § 1441(a). Original jurisdiction lies with a federal court when a case is "founded on a claim or right arising under the Constitution, treaties or laws of the United States," or when the amount

---

[1] In addition to the reasons stated in the Order, Defendant's failure to respond to the motion constitutes consent to granting the motion under Local Rule 7-2(d).

in controversy exceeds the sum of $75,000 and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1331; 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b).  Removal must occur within thirty days after the defendant is served with the first removable pleading, such as the complaint, and all defendants must join in the removal. 28 U.S.C. § 1446(b). The party seeking removal bears the burden of showing that removal is proper. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988). Additionally, there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

In this case, Defendant justifies the removal claiming diversity of citizenship and federal question jurisdiction.

### 1.    Diversity of Citizenship

To properly remove a case based on diversity jurisdiction, plaintiff(s) and defendant(s) must be citizens of different states and the amount in controversy as set forth by the complaint must likely exceed the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332, 1441 (b).  Even where there is complete diversity, the action cannot be removed by a local defendant, i.e. a defendant who is a citizen of the state in which the action is brought. 28 U.S.C. § 1441 (b); *Spencer v. U.S. Dist. Ct.*, 393 F.3d 867, 870 (9th Cir. 2004).  In the instant action, Defendant is a citizen of Nevada. (*See* Pet. for Removal, ECF No. 1).  Therefore Defendant, a local citizen cannot remove the action.

### 2.    Federal Question

Plaintiff's eviction complaint alleges only state law claims.  Defendant alleges that her defenses in the eviction action raise a federal question.  However, defenses and counterclaims cannot be a basis for federal jurisdiction.  As the Supreme Court has explained, "[f]or better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of California v. Construction Laborers*

*Vacation Trust for Southern California*, 463 U.S. 1, 10 (1983); *see also Vaden v. Discover Bank*, 129 S.Ct. 1262, 1272-73 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense" or "an actual or anticipated counterclaim."). Accordingly, Defendant cannot base removal on federal question grounds.

**B.    Attorney's Fees**

Title 28 U.S.C. § 1447(c) provides that, along with remanding the case to state court, this District Court "may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Absent unusual circumstances, courts may award attorney fees under the attorney fee provision of the removal statute only where the removing party lacked an objectively reasonable basis for seeking removal; conversely, when an objectively reasonable basis exists, fees should be denied. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005). An award of attorney's fees can be granted in the absence of bad faith regarding removal. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n. 6 (9th Cir. 2000).

"In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704 (2005). Defendant had no objectively reasonable basis to seek removal. For this reason, the Court will award Plaintiff reasonable attorney's fees and costs. Plaintiff shall submit a motion for reasonable attorney's fees and costs that complies with Local Rule 54-16.

<u>**CONCLUSION**</u>

**IT IS HEREBY ORDERED** that Plaintiff, DLJ Mortgage Capital, Inc.'s Motion to Remand (ECF No. 2) is **GRANTED**. The Clerk of the Court shall **REMAND** this action back to the Justice Court, Las Vegas Township, Clark County, Nevada.

Plaintiff's motion for reasonable attorney's fees and costs is **GRANTED**. The Court will

calculate the amount that is reasonable upon the filing by Plaintiff of an accounting that complies with Local Rule 54-16.  A separate Bill of Costs may be filed in accordance with Federal Rule of Civil Procedure 54(d)(1) and LR 54-1.

DATED this 29th day of August, 2011.

_____
Gloria M. Navarro
United States District Judge